IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BARBARA ANN SWIFT, | ) | |
| | ) | CASE NO. BK08-80692-TJM |
| Debtor(s). | ) | A08-8071-TJM |
| BARBARA ANN SWIFT, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANK G. ROTERT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #9). No resistance was filed. Wesley H. Bain, Jr., represents the debtor. No appearance has been made for the defendant. A brief in support of the motion was filed, and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The debtor filed this adversary proceeding to strip off a purported second lien on her residence. The property is valued at $29,900. Washington Mutual Mortgage recorded a first lien against the property in the approximate amount of $30,600. The debtor listed a possible unperfected lien of $10,000 held by Frank Rotert against the residence. That lien, if it exists, is unrecorded.

Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior mortgagee where there is no equity securing the security interest in the property. This question has already been decided in this jurisdiction by In re Sanders, 202 B.R. 986 (Bankr. D. Neb. 1996). See also In re Valentine, Case No. BK07-40039-TLS (Bankr. D. Neb. Mar. 27, 2007).

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off. As explained recently in Begley v. American Nat'l Bank (In re Begley), 2009 Bankr. LEXIS 2310 (Bankr. D. Neb. July 15, 2009),

> [t]his court is not alone in determining that a Chapter 13 debtor may strip off a junior mortgagee's wholly unsecured lien. See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2d Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3d Cir. 2000); Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277 (5th Cir. 2000); Lane v. W. Interstate Bancorp (In re Lane), 280 F.3d 663, (6th Cir. 2002); Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220 (9th Cir. 2002); Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357 (11th Cir. 2000); Johnson v. Asset Mgmt. Group, L.L.C. (In re Johnson), 226 B.R. 364 (D.

Md. 1998); Domestic Bank v. Mann (In re Mann), 249 B.R. 831 (B.A.P. 1st Cir. 2000); Griffey v. U.S. Bank (In re Griffey), 335 B.R. 166 (B.A.P. 10th Cir. 2005); Lam v. Investors Thrift (In re Lam), 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Id. at *3-5.

There are no disputed material facts here. The debtor may strip off the wholly unsecured lien, if any, held by Frank Rotert.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #9) is granted. Separate judgment will be entered.

DATED:          October 6, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Wesley H. Bain, Jr.          Frank G. Rotert
    Kathleen A. Laughlin          U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.